IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SAMIR MURSHED, | |
| Plaintiff, | |
| v. | Case No. 25-cv-163-NJR |
| DR. PAUL MEYERS, | |
| Defendant. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Samir Murshed, an inmate of the Illinois Department of Corrections who is currently incarcerated at Centralia Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. On February 4, 2025, Murshed filed his Complaint alleging deliberate indifference to his chronic pain (Doc. 1). A week later, Murshed submitted an Amended Complaint (Doc. 7). In the Amended Complaint, Murshed alleges that Dr. Paul Meyers was deliberately indifferent to his need for pain medications in violation of the Eighth Amendment.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

## The Amended Complaint

Murshed suffers from a number of conditions including: severe degenerative disc disease in his neck, disc herniation in his lower back, neuropathy in his legs, diabetes, and morbid obesity (Doc. 7, p. 2). Prior to his incarceration he had surgery to fuse the discs in his neck with rods and screws and had a cage placed at the base of his skull. He also received medications for pain management including: Hydrocodone Acetaminophen, Percocet, and Gabapentin. He also used a walker and wheelchair (*Id*. at pp. 2-3).

After his arrest in June 2023, Murshed was initially housed at the Kane County Jail where he was prescribed Tylenol 3 for pain management (Doc. 7, p. 3). On July 21, 2023, Murshed transferred to the Northern Reception Center. While there he received Tramadol for his pain (*Id*.). On August 16, 2023, Murshed transferred to Centralia Correctional Center (*Id*.). He informed medical personnel during intake that he recently received Tramadol for his conditions. But on August 23, 2023, Murshed spoke with Dr. Paul Meyers and was informed that he would no longer receive Tramadol. Instead, Dr. Meyers informed Murshed that he would only prescribe Murshed regular Tylenol (*Id*. at p. 4). Although Murshed informed Dr. Meyers that Tylenol would not control his pain, Dr. Meyers discontinued his Tramadol prescription and prescribed him Tylenol (*Id*.).

Murshed filed grievances and submitted medical requests complaining about the severe and debilitating pain that he experienced due to the lack of proper pain medications (Doc. 7, p. 4). Murshed was unable to obtain proper pain medications until after he suffered additional injuries at the prison. On December 28, 2024, Murshed was

attacked by another inmate and received injuries that exacerbated his conditions (*Id.*). After the assault, medical personnel prescribed Hydrocodone for his injuries (*Id.*). Murshed alleges that as of January 8, 2025, he has been receiving Hydrocodone and his pain is finally under control (*Id.*).

## Discussion

Based on the allegations in the Amended Complaint, the Court designates the following count:

**Count 1:** Eighth Amendment deliberate indifference claim against Dr. Paul Meyers for delaying and denying Murshed adequate pain medication for his chronic conditions.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

At this stage, Murshed states a viable claim for deliberate indifference against Dr. Meyers. Murshed adequately alleges that Dr. Meyers was aware of his numerous conditions and past receipt of prescription pain medications, but Dr. Meyers refused to prescribe Murshed any pain medication other than over the counter Tylenol. As a result, Murshed spent approximately 16 months without proper pain medications and suffered

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

from uncontrolled pain (Doc. 7, p. 5). *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016); *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (delay in treatment).

## Disposition

For the reasons stated above, Count 1 shall proceed against Dr. Meyers. The Clerk of Court shall prepare for Defendant Dr. Paul Meyers: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Murshed. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant can no longer be found at the work address provided by Murshed, the employer shall furnish the Clerk with his current work address, or, if not known, his last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section

1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

Because Murshed's claims involve his medical care, the Clerk of Court is **DIRECTED** to enter the Court's standard HIPAA Qualified Protective Order.

If judgment is rendered against Murshed, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Murshed is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:  April 11, 2025

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the defendant of your lawsuit and serve him with a copy of your Complaint. After service has been achieved, the defendant will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take **90 days** or more. Once the defendant has filed his Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, to give the defendant notice and an opportunity to respond to those motions. Motions filed before defendant's counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**